UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD D. JONES,

    Plaintiff,

v.

RAYMOND JACOBS,

    Defendants.
                                 /

No. C 11-1340 SI (pr)

**ORDER TO SHOW CAUSE RE. STATUTE OF LIMITATIONS PROBLEM**

## INTRODUCTION

Edward D. Jones, an inmate at Corcoran State Prison, filed this pro se prisoner's civil rights action under 42 U.S.C. § 1983, complaining of acts and omissions that occurred almost eight years before the complaint was filed. The court will require Jones to address the apparent untimeliness of the complaint before the action proceeds further.

## BACKGROUND

In his complaint filed March 21, 2011, Jones alleges that he was subjected to excessive force by correctional officer Raymond Jacobs at Pelican Bay State Prison on April 26, 2003. The acts and omissions complained of occurred seven years, 10 months and 23 days before the complaint was filed. At the time he filed his complaint, Jones also filed a motion for appointment of counsel (docket # 3) and a request for production of documents (docket # 4)

After he filed his complaint, Jones filed a "motion: the withdrawal of due to statute limitation" (docket # 5) that appeared to request the dismissal of the action, and shortly thereafter filed a "motion: excuse delay in filings" (docket # 6) in which he argued that extraordinary circumstances (i.e., a head trauma) existed that should excuse his delay in filing. Jones also filed a "motion: amendment and supplementation" (docket # 7) that is largely incomprehensible

except that one can determine Jones is attempting to put exhibits into the record.

**DISCUSSION**

A.     Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint alleges that an inebriated correctional officer, Raymond James, beat up Jones on April 26, 2003. If this action had been filed five or six years ago, the court would find a cognizable claim for an Eighth Amendment violation had been pled and order the complaint served. The problem in this action is not with the pleading of the legal claim, but with the apparent untimeliness of it.

Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is two years, so the statute of limitations period for § 1983 claims is two years. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; Elliott, 25 F.3d at 802. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802. It is federal law, however, that determines when a cause

2

of action accrues and the statute of limitations begins to run in a § 1983 action. Wallace v. Kato, 549 U.S. 384, 388 (2007); Elliott, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers, 174 F.3d at 991-92; Elliott, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." United States v. Kubrick, 444 U.S. 111, 122 (1979). Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed almost eight years after the acts and omissions alleged in the complaint occurred.

Jones alleges in his complaint that he was assaulted by the defendant correctional officer on April 26, 2003. Assuming there was no delayed discovery – an unlikely event in light of the nature of the claim – the cause of action accrued that day and Jones had to file his civil rights complaint within two years, i.e., by April 26, 2005. He did not file his civil rights complaint until March 21, 2011, so unless he is entitled to extensive tolling of the limitations period, his complaint is untimely.

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life." See Cal. Civ. Proc. Code § 352.1. Jones receives no tolling for the disability of imprisonment because he is not serving a prison term of less than life. He is in prison serving a term of life without the possibility of parole plus fifteen years. See Edward David Jones v. Joseph McGrath, E. D. Cal. No. CIV S-02-2276 LKK DAD, Findings & Recommendations filed March 21, 2006, p. 2 ("On April 12, 1999, the trial court sentenced petitioner to life imprisonment without the possibility

1  of parole plus fifteen years.")¹  Jones must find reasons other than his incarceration to toll the
2  limitations period.

3  Jones urges in his "motion: excuse delay" that the limitations period should be tolled "due
4  to traumatic trauma injury(s) due to assult(s)."  Docket # 6, p. 1 (errors in source).  He refers the
5  reader to his medical records attached to his motion.  The records would not support nearly
6  enough tolling time.  One record shows that Jones was sent out to a hospital for evaluation of
7  a "head trauma with possible black out" on July 24, 2003, and other records show that Jones had
8  x-rays and surgery to address a broken jaw in February 2004.  See Complaint, unnumbered
9  exhibits.  Interestingly, Jones' presentation suggests all the records are for the assault that is the
10 subject of his complaint, but at least the February 2004 jaw fractures apparently were not caused
11 by the use of force complained of here, and instead occurred in an altercation with another
12 inmate in 2004.  See Jones v. Masteranglo, No. C 06-490 PJH, Order Of Service, pp. 2-3.
13 Assuming that hospitalization or head trauma was sufficiently serious to support equitable
14 tolling, these records would only support a few weeks of tolling, but Jones missed the statute of
15 limitations deadline by almost six years.

16 The claims appear on the face of the complaint to be time-barred because the acts and
17 omissions giving rise to the claims took place on April 26, 2003, almost eight years before this
18 action was filed on March 21, 2011.  Jones will be required to file a response to this order,
19 showing cause why the action should not be dismissed as time-barred.  Of course, Jones is not
20 limited to arguing only equitable tolling – he may proffer any argument he has to show that the
21 statute of limitations does not bar this action.

---

¹That the plaintiff in this action is the same Edward David Jones as the petitioner in the Eastern District action was determined by comparing filings in both actions.  The same prisoner name and number is used on the proof of service for a November 4, 2002 Order (docket # 4) in the Eastern District action as the prisoner name and number on the complaint in this action.  While the name may be common, the prisoner number is unique to this individual.

Another indicator that Jones is in prison for life without the possibility of parole is the fact that the boxes for the inmate's "term" and "release date" are marked "LWO" (as in "Life WithOut") on the July 24, 2003 medical record attached to his "motion: excuse delay." (Docket # 6)

4

B.     Miscellaneous Motions

Jones has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 3.)

Jones' "motion: request for the document production" is DISMISSED because it should not have been filed by Jones. (Docket # 4.) Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Here, there is no discovery dispute in need of resolution.

Jones' "motion: the withdrawal of due to statute limitation" (errors in source) is DISMISSED because Jones' later filings indicate he changed his mind about dismissing this action. (Docket # 5.) If Jones wishes to voluntarily dismiss this action, he may file a new motion for voluntary dismissal.

Jones' "motion: excuse delay in filings" is DENIED. (Docket # 6.) The argument and evidence offered in the motion do not warrant tolling of the limitations period for the reasons explained in section "A" above in this order.

Jones' "motion: amendment and supplementation" is GRANTED in part and DENIED in part. (Docket # 7.) The motion is granted in that the documents attached to it have been made part of the court record and have been considered in determining whether the complaint is timely. The motion is denied in all other respects because the court does not understand it.

5

Jones' motions for issuance and service of subpoenas are DISMISSED without prejudice to Jones making a new request for issuance of subpoenas after the court resolves the apparent statute of limitations problem. (Docket #s 8, 9, and 10.) If Jones wishes to have a witness appear to testify, he must make arrangements to pay for it. The cost for a deposition is the cost of a court reporter (for which plaintiff must make arrangements and pay), plus a witness fee of $40.00 per day plus actual transportation expenses. See 28 U.S.C. § 1821. The court does not waive these fees even for pauper litigants, and plaintiff must pay them himself or have someone pay them on his behalf.

## CONCLUSION

The complaint appears to be time-barred. Jones must file a written response showing cause why this action should not be dismissed as barred by the statute of limitations. Jones' response must be filed no later than **July 29, 2011**. Failure to file the response by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: June 20, 2011

_____
SUSAN ILLSTON
United States District Judge