UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD D. JONES, | No. C 11-1340 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| RAYMOND JACOBS, | |
| Defendants. | |

Upon initial review of the complaint in this *pro se* prisoner's civil rights action, the court noted that the complaint appeared to be untimely and directed plaintiff to show cause why the action should not be dismissed as barred by the statute of limitations. *See* Order To Show Cause Re. Statute Of Limitations Problem. Jones filed "plaintiff's response to order to show cause re. statute of limitations problem" on October 28, 2011.

The court will not repeat the analysis of its order to show cause, and instead simply summarizes the relevant points: In his complaint filed March 21, 2011, Jones alleged that he was subjected to excessive force by Raymond Jacobs on April 26, 2003. Assuming there was no delayed discovery – an unlikely event in light of the nature of the claim – the cause of action accrued that day and Jones had to file his civil rights complaint within two years (i.e., by April 26, 2005) to be timely under the applicable limitations period. Jones receives no tolling of the limitations period for the disability of imprisonment because he is serving a sentence of life without the possibility of parole and therefore is not in prison "for a term less than for life." *See* Cal. Civ. Proc. Code § 352.1. Jones' argument that the limitations period should be tolled "due to traumatic trauma injury(s) due to assult(s)," Docket # 6, p. 1 (errors in source), was rejected because the evidence he submitted would not support nearly enough tolling time. That is, his

evidence about a head trauma and hospitalization would only support a few weeks of tolling, but Jones missed the statute of limitations deadline by almost six years. After making these determinations, the court stated:

> The claims appear on the face of the complaint to be time-barred because the acts and omissions giving rise to the claims took place on April 26, 2003, almost eight years before this action was filed on March 21, 2011. Jones will be required to file a response to this order, showing cause why the action should not be dismissed as time-barred. Of course, Jones is not limited to arguing only equitable tolling – he may proffer any argument he has to show that the statute of limitations does not bar this action.

Order To Show Cause, p. 4.

Jones then filed a response in which he urged that the head trauma and hospitalization supported tolling, and that he had mental health problems and learning disabilities that should excuse his failure to comply with the statute of limitations.

The statute of limitations period may be equitably tolled. Just as the court borrows California's statute of limitations for the § 1983 action, it also borrows California's equitable tolling rules. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). Under California law, the statute of limitations may be tolled for time the plaintiff spent pursuing a remedy in another forum before filing the claim in federal court. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Jones makes no showing that this kind of equitable tolling applies to him, as he does not assert that he ever pursued his claim against Raymond Jacobs in any other forum.

California Code of Civil Procedure § 352(a) provides for tolling if the person is insane at the time the cause of action accrued. For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." *Hsu v. Mt. Zion Hospital*, 259 Cal. App. 2d 562, 571 (Cal. Ct. App. 1968); *cf. Feeley v. Southern Pac. Trans. Co.*, 234 Cal. App. 3d 949, 952 (Cal. Ct. App. 1991) (tolling proper for time during which plaintiff was in a coma immediately after the injury that gave rise to his cause of action); *Snyder v. Boy Scouts of America*, 205 Cal. App. 3d 1318, 1324 (Cal. Ct. App. 1988) (post-traumatic stress disorder does not count as "insanity" that tolls the limitations period). The disability of insanity must exist at the time the cause of action accrues in order to toll the

limitations period. Cal. Code Civ. Proc. § 357. Under California law, once the cause of action accrued and the statute began to run, no later disability would suspend it. *Id.*; *Larsson v. Cedars of Lebanon Hosp.*, 97 Cal. App. 2d 704, 707 (Cal. Ct. App. 1950). Jones has not shown that this tolling provision should be applied to his case.

First, Jones presents the same evidence about the head trauma and hospitalization that the court earlier considered. As the court already explained, this evidence would only support a few weeks of tolling, *See* Order To Show Cause Re. Statute of Limitations Problem, p. 4, and that is not nearly enough for a plaintiff who has to account for six years of delay.

Second, Jones urges that he has mental health problems that warrant equitable tolling. The records he submitted confirm that he is in the mental health program in the California Department of Corrections and Rehabilitation. Those same records also show that he is at the lowest level of care in that system (i.e., the CCCMS level), except for a rare move to the higher level of care in a mental health crisis bed ("MHCB") when he expressed thoughts of suicide or intent to harm others. *See* Docket # 28, exhibits, p. 22; *see also id.* at 38 ("CCCMS Annual Case Review" noting present mental status on all measures as within normal limits on October 10, 2007); *id.* at 42 ("pt has been . . . at the CCCMS LOC for over 10 years"). Jones has failed to show that his mental health problems support the tolling of the limitations period for six years. The strongest evidence that Jones' mental illness did not render him incapable of caring for his property or transacting business, or understanding the nature or effects of his acts is Jones' other litigation activity. During the time period he now claims he was unable to pursue the claim regarding the April 2003 assault, Jones was vigorously pursuing other litigation. He filed a complaint in August 2003 (i.e., about three months after the incident complained of here occurred) in the Eastern District, and filed several documents over the next several months in that case before it was dismissed. *See Jones v. Saddik*, E. D. Cal. No. CV-03-01642 DFL-DAD. Jones filed a different case in the Northern District in January 2006, and that case was pending through April 2011. *See Jones v. Masterangelo*, No. C 06-490 PJH. Jones filed at least 75 documents in that action throughout the four years it was pending. In light of his active pursuit of the claims in those other two actions, Jones' assertion that his mental illness precluded timely

3

filing of this action is unpersuasive. Jones' mental illness did not toll the limitations period.

Third, he urges that he has learning disabilities that precluded him from being able to pursue his claim. Even assuming that one could stretch the tolling provision for insanity to include tolling for a learning disability – a doubtful proposition – Jones' records undermine rather than support his contention that he has a learning disability. Jones told mental health evaluators in a September 13, 2010 evaluation that he had completed the 12th grade, had a GED, and denied having a learning disability. *See* Docket # 28, exhibits at ¶. 22-23; *see also id.* at 31 (doctor's note that patient stated "I do have a high school diploma. I did time in the military.") He also was excluded from the Developmental Disability Program because he "received passing score on cognitive test," according to a March 9, 2004 record, *id.* at 13. Further, as with his mental illness, any learning disability would not warrant tolling of the limitations period in light of the evidence that he vigorously pursued two other *pro se* civil rights actions during the same time period.

Jones' contention that his impairments warrant tolling are not persuasive because of the extensive evidence of the various activities he did undertake during the time he contends he was physically and mentally unable to file suit. The court need not credit a party's version of the facts that is "blatantly contradicted by the record." *Scott v. Harris*, 550 U.S. 372, 380-83 (2007).

In this action, the statute of limitations problem is complete and obvious from the face of the complaint. The court has provided Jones an opportunity to show why the action should not be dismissed as time-barred, and he was unable to do so. Accordingly, this action is dismissed because it is barred by the statute of limitations. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984).

Jones' motion for summary judgment is DENIED. (Docket # 14.) Jones cannot show he is entitled to judgment as a matter of law on his complaint because the action is time-barred.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: November 2, 2011

_____
SUSAN ILLSTON
United States District Judge

4